UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JIMMY HEATH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 24-2939** |
| **GULF ISLAND FABRICATION, INC., ET AL.** | * | **SECTION L** |

### ORDER & REASONS

Before the Court is a 12(b)(6) motion to dismiss, or in the alternative a motion for summary judgement, filed by Defendants Gulf Island Fabrication, Inc. ("GIF") and Gulf South Risk Services. Inc. ("GSRS"). R. Doc. 8. Plaintiff Jimmy Heath opposes the motion. R. Doc. 9. After considering the record, briefing, and applicable law, the Court now rules as follows.

I.   **BACKGROUND & PRESENT MOTION**

This case arises out of injuries sustained by the Plaintiff when he slipped and fell while working as a shipfitter supervisor for Defendants GIF and GSRS (collectively, "Defendants") on January 11, 2017. R. Doc. 8-1 at 1. Plaintiff subsequently brought various workers' compensation claims against Defendants before the Department of Labor pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *Id.* The parties notably do not dispute that Plaintiff injured his left shoulder and biceps during the incident. *Id.* Indeed, the Defendants have already paid for Plaintiff's surgeries to repair tears in his left rotator cuff and bicep tendons and provided him wage compensation post-surgery while he was classified as "temporarily totally disabled." *Id.* at 1-2. However, the Defendants do contest Plaintiff's claim that he suffered a traumatic brain injury ("TBI") from his fall. *Id.* at 2-3. They specifically argue that Plaintiff did not report hitting his head or losing consciousness when he fell and noted that the physician who examined him immediately post-accident recorded no signs of a head injury. *Id.*

The Department of Labor Administrative Law Judge ("ALJ") assigned to the case held a

1

trial to determine, *inter alia*, the TBI disability claim and issued a Decision and Order ("D&O") on August 2, 2024 in favor of Plaintiff. *Id.* at 3. The D&O specifically ordered the Defendants to pay Plaintiff permanent partial disability compensation from June 15, 2022 to present and continuing "based on the AWW of $2,155.68 and residual wage-earning capacity of $838.23." *Id.* at 3-4. It further ordered that the District Director of the Office of Workers' Compensation Programs (the "District Director") to "make all calculations necessary to carry out [the D&O], including any *Richardson* adjustment."[1] *Id.* at 4. On August 5, 2024, the District Director served the Defendants with his calculations of the Plaintiff's disability compensation, determining that Plaintiff was owed $103,095.10 in wage indemnity plus interest. The District Director also clarified that the Defendants should pay the Plaintiff all awards compensation benefits owed to him "within ten (10) days regardless of a motion to reconsider or an appeal." *Id.* Thereafter, the Defendants appealed the ALJ's findings in the D&O, which remains pending before the Department of Labor's Benefits Review Board, Case No. 2024-4823. *Id.* at 3.

On August 30, 2024, Plaintiff filed a motion asking the District Director to levy monetary penalties against the Defendants because they had not paid any of his compensation award by the applicable August 15, 2024 deadline as required. R. Doc. 8-4. While this motion was pending, the Defendants attempted to comply with the order and made three separate payments totaling $103,095.10 to the Plaintiff on September 23, 2024. R. Doc. 8-8. However, the District Director nevertheless granted the Plaintiff's motion and declared the Defendants to be in default of payment because they had failed to show cause why they did not timely pay the past amount due. R. Doc. 1-5. Accordingly, the District Director issued a supplemental compensation order pursuant to section 14(f) of the LHWCA, which required the Defendants to pay interest on the underpayment

---

[1] The *Richardson* adjustment requires that when post-injury wages are used to establish wage-earning capacity, the wages earned in the claimant's post-injury job must be adjusted to represent the wages which that job paid at the time of his injury. *See Richardson v. General Dynamics Corp.*, 19 BRBS 48, 49 (1986).

of compensation and an additional 20% of the amount in default, totaling $20,619.02. *Id.* Plaintiffs allege Defendants have yet to pay them this penalty. R. Doc. 1.

On December 26, 2024, Plaintiff filed the instant suit requesting this Court to enforce both the ALJ's August 2, 2024 order requiring the Defendants to pay permanent partial disability benefits and the District Director's December 3, 2024 order declaring the Defendants in default and levying a 20% penalty against them for failing to timely pay Plaintiff's owed backpay of $103,095.10. *Id.* Plaintiff specifically alleges that despite the D&O award of "permanent partial disability at a rate of $878.30 per week, [D]efendants have paid permanent partial disability sporadically at a rate of $570.48 per week." *Id.* at 1-2. Furthermore, he claims that this Court has jurisdiction over this matter under section 21 of the LHWCA, which provides that a beneficiary of a compensation order may apply for enforcement of that order to the federal district court for the judicial district in which the injury occurred. *Id.* at 5.

In the present motion, Defendants seek dismissal of the Plaintiff's suit, or in the alternative, seek summary judgment in their favor, pursuant to Fed. R. Civ. P. 12(b)(6), 12(d), 56(a) and 56(c). R. Doc. 8-1 at 1. They provide two arguments in support of their motion. First, Defendants contend that the District Director's declaration of default and levying of penalties are unenforceable because their motion to modify the Plaintiff's weekly benefits was erroneously denied. *Id.* at 7-8. Second, the Defendants assert that there is no final D&O for this Court to enforce because the District Director did not comply with the direction of the ALJ to apply the *Richardson* adjustment when calculating Plaintiff's compensation award. *Id.* at 8-12. Plaintiff opposes the motion and briefly argues that their complaint is true, accurate, and adequately presents a claim upon which relief can be granted. R. Doc. 9.

## II.    LAW & ANALYSIS

The outcome of the Court's decision on this motion rests on whether it has the jurisdiction

to enforce: (1) the ALJ's underlying August 2, 2024 compensation order and (2) the District Director's December 3, 2024 supplemental compensation order. The Court takes each order at issue in turn.

### A. The ALJ's Underlying August 2, 2024 Compensation Order

The question of whether the ALJ's August 2, 2024 order as to the weekly rate of pay is enforceable by this Court is governed by section 21(d) of the LHWCA. In interpreting this statutory provision, the Fifth Circuit has consistently held that "[section] 21(d) provides for enforcement of an appealed order only after the appeal is finally resolved by the Board." *Lazarus v. Chevron U.S.A., Inc.*, 958 F.2d 1297, 1299 (5th Cir. 1992); *see also Abbott v. Louisiana Ins. Guaranty Ass'n*, 889 F.2d 626, 628 (5th Cir. 1989) (affirming district court's determination that "enforcement was inappropriate under section 21(d), because the [c]ompensation [o]rder was still on appeal to the [Benefits Review Board]"). Here, the Plaintiff does not dispute the Defendants' contention that they have appealed the ALJ's August 2, 2024 order, which this Court understands to still be pending before the Benefits Review Board under Case No. 2024-4823. R. Doc. 8-1 at 3. Indeed, there is simply no evidence on the record that the Board has reached a final determination on appeal in this matter. Accordingly, the Court finds that it does not have jurisdiction under section 21(d) to enforce ALJ's August 2, 2024 compensation order at this time. Plaintiff's request is premature. Instead, he must wait until the appropriate appeals process before the Board is complete before he may sue the Defendants in order to enforce it.

### B. The District Director's December 3, 2024 Supplemental Compensation Order

The enforceability of the District Director's December 3, 2024 supplemental compensation order is subject to a different jurisdictional analysis. While an underlying compensation order is on appeal to the Benefits Review Board, the Board is authorized to grant a stay of enforcement of the award to be paid pending appeal if the employer can prove irreparable injury would ensue. 33

4

U.S.C. § 921(b)(3). However, in the event that a stay is not procured, the employer is obligated to make timely payments pursuant to the compensation award regardless of any appeal or motion to reconsider. *See id.* To ensure the employer's compliance with their obligations during this period, the District Director is authorized to issue a supplemental compensation order providing for penalties against an employer for failing to timely pay the award. 33 U.S.C. § 914(f). The section 14(f) penalty is self-executing and admits no equitable exceptions for late payment. *Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217, 1222 (5th Cir. 1985). Under section 18(a) of the LHWCA, such supplemental compensation orders are final when entered and *immediately enforceable* by the district court so long as if it is in accordance with the law. *Abbott*, 889 F.2d at 629 (emphasis added).

Notably, the district court is not permitted "to review the underlying merits of the ALJ's decision and order in the course of section 18(a) enforcement proceedings." *Lazarus*, 958 F.2d 1297, 1303. Although there is some possibility that the underlying order upon which the penalty is based may be overturned on review, Congress has made a policy choice that in most circumstances, "it is preferable that an injured worker receive regular compensation, even that later is determined to have been wrongly exacted and not recoverably by the payer, than that he be left without assistance until all amounts are finally determined." *Id.* As such, the LHWCA contemplates the use of supplemental orders as "a quick and inexpensive mechanism for prompt enforcement of unpaid compensation awards, a theme central to the spirit, intent, and purposes of the [statute]." *Tidelands Marine Serv. v. Patterson,* 719 F.2d 126, 127 n.1 (5th Cir. 1983).

Despite the fact that there is no dispute that a stay pending appeal was not issued by the Board in the present matter and the LHWCA's statutory scheme clearly weighs in favor of prompt enforcement of orders penalizing the late payment of awards, the Defendants nevertheless challenge this Court's ability to enforce the District Director's December 3, 2024 supplemental

5

order. In support of their argument, they note that the Fifth Circuit has held that an underlying compensation order which is not *final* cannot be "in accordance with law" and thus not subject to penalties by resort to section 18(a). *Severin v. Exxon Corp.,* 910 F.2d 286, 289 (5th Cir. 1990). In interpreting this "finality" requirement, the court in *Keen v. Exxon Corp.* explained that where the ALJ's underlying compensation order does not state the total amount of compensation to be paid and provides for the District Director to make the final calculations, it is not considered a final order subject to penalties until he or she furnishes the calculations required by that order. 35 F.3d 226, 227-28 (5th Cir. 1994). Put simply, an order is not final where the District Director entirely fails to calculate the money actually owed when that task is delegated to him or her by the ALJ. *See id.* Based on these foregoing principles, the Defendants contend that the underlying compensation order that the penalty is based on here never became final because the District Director failed to adjust his award calculations for inflation pursuant to the *Richardson* adjustment as ordered by the ALJ. The Court disagrees for the following reasons.

At first instance, the Court notes that to the extent the Defendants take issue with the District Director's alleged failure to use the *Richardson* adjustment in his calculations, such an argument is substantive in nature and beyond the scope of review in a section 18(a) enforcement proceeding. Here, the Court's inquiry "is limited to the lawfulness of the supplemental orders of default and does not include the procedural or substantive correctness of [] underlying compensation orders." *Abbott*, 889 F.2d at 629. Indeed, courts have found that "[a]llowing review of underlying compensation orders in proceedings to enforce supplemental orders of default could cause additional delay and expense and frustrate Congress' intent to get compensation into the injured workers' hands as quickly as possible." *Id.* (citing *Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 865 (5th Cir. 1983)).

Moreover, the Defendants' reliance on *Keen* regarding the finality of the ALJ's underlying

compensation order is misplaced. This case does not stand for the proposition that an underlying compensation order is not final due to the substantive nature of a District Director's calculations. *See Keen*, 35 F.3d at 227-28. Rather, *Keen* merely establishes that an underlying compensation order becomes final upon the rendering of the District Director's calculations, which the Defendants do not dispute occurred here when they were filed in the administrative record on August 5, 2024. *Id.* Lastly, the Court is hesitant to agree with the Defendants that the District Director did in fact fail to incorporate the *Richardson* adjustment into his calculations given they have provided no proof or explanation to support their contention. The Court merely has the District Director's calculations, the Defendant's assertion that they are wrong, and nothing more.

Accordingly, this Court finds that its jurisdiction to enforce the December 3, 2024 supplemental compensation order is not in question. Here, the ALJ's underlying compensation order did not provide a total amount of compensation and instead ordered the District Director to finalize the calculations on August 2, 2024. The District Director subsequently completed those calculations and filed them in a "Memorandum to File" on August 5, 2024, finding the Defendants owed Plaintiff backpay in the amount of $103,095.10. As such, the ALJ's D&O became final on August 5, 2024, and the Defendants had 10 days from that date to pay the award or suffer a penalty. The Defendants clearly missed this deadline because they paid the $103,095.10 to the Plaintiff on September 23, 2024, which led to the default penalty outlined in the December 3, 2024 supplemental compensation order. The issue of whether the District Director's computation of the award is indeed correct must be dealt with on appeal before the Department of Labor and does not obviate the Defendants' obligation to timely pay absent a Board-issued stay.

### III. CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that Gulf Island Fabrication, Inc. and Gulf South Risk Services, Inc.'s 12(b)(6) Motion to Dismiss, or alternatively, motion for summary judgement, R. Doc. 8, is **GRANTED** in part and **DENIED** in part. The Court grants the motion and dismisses Plaintiff's claim as to the ALJ's August 2, 2024 compensation order because the Defendants have already paid Plaintiff's backpay of $103,095.10 and the enforcement of continuing payments is dependent upon future supplemental orders.[2] Indeed, further penalties may be necessary under section 14(f) of the LHWCA to secure the Defendants' compliance, which this Court would have jurisdiction to enforce. However, the Court denies motion as to the District Director's December 3, 2024 supplemental compensation order because it has jurisdiction to enforce the penalty against Defendants for failing to timely pay Plaintiff's backpay as explained above. Plaintiff may now move this Court to grant his requested relief regarding the District Director's December 3, 2024 supplemental compensation order only.

New Orleans, Louisiana, this 14th day of April, 2025.

_____
United States District Judge

---

[2] To the extent Plaintiff's allegations concerning the Defendants' deficient weekly payments are true, the Court recognizes that although it does not have jurisdiction at this time to provide for enforcement and definitively set the correct rate pending appeal, this issue should be raised before either the ALJ or the District Director in the administrative proceedings in order to address the potential delinquency.