UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JIMMY HEATH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 24-2939** |
| **GULF ISLAND FABRICATION, INC., ET AL.** | * | **SECTION L(1)** |

## ORDER & REASONS

Before the Court are two motions. The first is a Motion for Summary Judgment filed by Plaintiff Jimmy Heath. R. Doc. 17. Defendants Gulf Island Fabrication, Inc. ("GIF") and Gulf South Risk Services. Inc. ("GSRS") oppose the motion. R. Doc. 27. Plaintiff replied. R. Doc. 29. The second is a Motion for Reconsideration filed by GIF and GSRS. R. Doc. 21. Plaintiff opposed. R. Doc. 26. After considering the record, briefing, and applicable law, the Court now rules as follows.

**I.     BACKGROUND & PRESENT MOTION**

This case involves Plaintiff's request to enforce two separate compensation orders arising out his workers' compensation claims against Defendants GIF and GSRS pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). R. Doc. 1. As explained in a prior order in this matter, this Court does not have jurisdiction under section 21(d) of the LHWCA to enforce the ALJ's August 2, 2024 compensation order as it is still on appeal before the Benefits Review Board. R. Doc. 15. Conversely, the Court held that it may properly enforce the District Director's December 3, 2024 supplemental compensation order levying a 20% penalty against the Defendants for late payment of the underlying compensation award under section 18(a) of the LHWCA. *Id.*

As such, Plaintiff now moves the Court to enter an order on summary judgment requiring Defendants to pay him $20,619.02 as calculated in the December 3, 2024 supplemental

1

compensation order. R. Doc. 17. He also seeks costs and attorneys' fees for having to bring this enforcement action. *Id.* The Defendants, however, oppose the enforcement of the penalty in their motion for reconsideration and opposition for the same reasons raised in their initial motion to dismiss, contending that the order is not final and enforceable. R. Docs. 21, 27.

## II. LAW & ANALYSIS

Preliminarily, the Court concludes that it will not depart from its previous finding that the December 3, 2024 supplemental compensation order is enforceable as requested by the Defendants. In their reconsideration motion, Defendants have simply reiterated their position that the District Director allegedly failed to incorporate a proper *Richardson* adjustment in his calculations and thus the order at issue cannot be final, making the penalty inappropriate here. But as this Court has already observed:

> [S]uch an argument is substantive in nature and beyond the scope of review in a section 18(a) enforcement proceeding. Here, the Court's inquiry "is limited to the lawfulness of the supplemental orders of default and does not include the procedural or substantive correctness of [] underlying compensation orders." *Abbott*, 889 F.2d at 629. Indeed, courts have found that "[a]llowing review of underlying compensation orders in proceedings to enforce supplemental orders of default could cause additional delay and expense and frustrate Congress' intent to get compensation into the injured workers' hands as quickly as possible." *Id.* (citing *Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 865 (5th Cir. 1983)).

R. Doc. 15 at 6. Therefore, it is *immaterial* to this Court whether the *Richardson* adjustment was properly included or not in the District Director's calculations. Indeed, the Fifth Circuit case law that Defendants cite in support—*Severin* and *Keen*—have nothing to say about an alleged substantive error that a District Director made in his calculations somehow affecting the finality of the overall award. *Severin v. Exxon Corp.*, 910 F.2d 286 (5th Cir. 1990); *Keen v. Exxon Corp.*, 35 F.3d 226 (5th Cir. 1994). Rather, they make clear that an underlying compensation order

becomes final and thus subject to penalties once the District Director has merely filed his final calculation of the award stating a specific amount of compensation due, which happened here. *See id.* Indeed, Defendants do not dispute that the District Director filed the final award amount of $103,095.10 in the administrative record on August 5, 2024. R. Doc. 1-2 at 57. Moreover, it appears Defendants have already raised the alleged *Richardson* adjustment issue before the District Director, and their argument was notably rejected due to the fact that the materials provided in support did not constitute "new evidence" allowing for a Section 22 modification. R. Doc. 8-10 at 2. To the extent Defendants disagree with this finding, that is not for this Court to decide; they may take it up on appeal to the Benefits Review Board or raise it with the ALJ.

The Court thus moves on to determine whether enforcement of the District Director's December 3, 2024 supplemental compensation order is truly warranted under section 18(a) of the LHWCA. Before a District Director can enter a supplemental order of default against an employer or insurance carrier, they must follow certain procedures. *Abbott v. La. Ins. Guar. Assoc.*, 889 F.2d 626, 629 (5th Cir. 1989). More specifically, the District Director must investigate the claimant's application, provide notice of the claim to interested parties, and give the parties an opportunity for a hearing in the manner specified in section 19 of the LHWCA. *Id.* (citing 33 U.S.C. §§ 918(a), 919). If there is no dispute about whether benefits are due under a compensation order or whether there has been a default in payments, the District Director must calculate the amount of the default and enter a supplemental order. *Id.* The District Director is also required to file the supplemental order in the same manner as a compensation order and must notify the responsible parties. *Id.* At the claimant's request, the district court can then enforce the supplemental order of default only if it is "in accordance with law," meaning the District Director adhered to all the procedures outlined above. *Id.*

Here, the Court concludes that the District Director properly issued the December 3, 2024

3

supplemental compensation order "in accordance with law." The record indicates that Plaintiff requested a declaration of default as contemplated by the LHWCA. R. Doc 1-5. The District Director then notified Defendants of the request and required that they show cause as to their failure to timely pay the amount due. *Id.* Thereafter, an "informal conference" occurred before the District Director's office on October 29, 2024, and all parties were in attendance. R. Doc. 8-10. It appears the penalty at issue was discussed at the conference, and Defendants were given an opportunity to respond. *Id.* After the conference, the District Director's office issued a finding that "the 20% penalty is still due as there was nothing presented to dispute this." *Id.* at 2. Lastly, the District Director finalized the penalty totaling $20,619.02 in the December 3, 2024 supplemental compensation order and filed it on the administrative record. R. Doc. 1-4. Crucially, Defendants have presented no evidence that the District Director broke from the appropriate procedures in issuing this penalty. Accordingly, the Court will enforce the December 3, 2024 supplemental compensation order.

### III.    CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Plaintiff Jimmy Heath's Motion for Summary Judgment, R. Doc. 17, is **GRANTED**. Defendants are ordered to pay Plaintiff the penalty of $20,619.02 as provided for in the District Director's December 3, 2024 supplemental compensation order. As requested, all costs of this enforcement action shall be assessed to the Defendants pursuant to Federal Rule of Civil Procedure 54(d)(1).

However, in order to prove entitlement to attorney's fees, Plaintiff must comply with *all* the requirements contained in Federal Rule of Civil Procedure 54(d)(2). For instance, Plaintiff must state the statutory basis providing for such relief *with particularity*. To be clear, a mere citation to the statute without any substantive legal analysis—what the Plaintiff attempts to do here

in the present motion—will be insufficient. Plaintiff must also be sure to provide the Court with an itemized attorney's fee application from which it may discern "the hours worked, the reasonable hourly rate for each attorney involved, the size of the recovery, the quality of the work and the complexity of the issues involved." *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 787 (5th Cir. 1994) (quoting *Ayers S.S. Co. v. Bryant,* 544 F.2d 812, 814 (5th Cir. 1977)). The application may only include costs Plaintiff incurred seeking to enforce this penalty order. *Id.* Plaintiff shall have 14 days from the entry of this judgment to submit a motion containing the aforementioned information as required under FRCP 54(d)(2) and his itemized application for attorney's fees. Defendants may file a responsive brief and affidavits *on this discrete issue alone*, if they wish, within 14 days after the date Plaintiff files his motion.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration, R. Doc. 21, is **DENIED**.

New Orleans, Louisiana, this 14th day of July, 2025.

*Eldon E. Fallon*