UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JIMMY HEATH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 24-2939** |
| **GULF ISLAND FABRICATION, INC., ET AL.** | * | **SECTION L (1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Jimmy Heath's second Motion for Attorneys' Fees. R. Doc. 39. The Court denied Plaintiff's first motion, R. Doc. 34, as insufficiently supported as to the hourly rate sought, without prejudice to Plaintiff's right to reurge his request with the proper support. R. Doc. 38. Defendants, Gulf South Risk Services and Gulf Island Fabrication, Inc., make no argument that Plaintiff is not entitled to an award of attorneys' fees in this matter, but continue to assert that Plaintiff has not carried his burden to show that his counsel is entitled to payment at the hourly rate he seeks. R. Doc. 40; *see also* R. Doc. 36 (objections to first motion). Having considered Plaintiff's arguments, Defendants' objections, and the exhibits submitted by the parties, in light of the applicable law, the Court will GRANT Plaintiff's Motion but will reduce the amount awarded for the following reasons.

When attorneys' fees are awarded, the Court engages in a two-step process to determine whether the claimed fees are reasonable. *Matter of Fender*, 12 F.3d 480, 487 (5th Cir. 1994). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work*.*" *Id*.; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours

1

expended are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Court may then "adjust[] the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Fender*, 12 F.3d at 487.

Here, Plaintiff seeks reimbursement of $400.00 for the complaint filing fee, and a total of $7,218.75 in attorneys' fees for 13.125 hours his counsel spent working on this case at a rate of $550.00 per hour. Defendants do not challenge Plaintiff's entitlement to reimbursement of $400.00 in expenses for the filing fee.

As to the hours Plaintiff's counsel reasonably expended on this case, Defendants make only one objection. R. Doc. 36 at 4. Counsel claims 0.50 hours were expended in preparing Plaintiff's "Supplemental Memorandum in Support of Motion for Summary Judgment." R. Doc. 31-1 at 6. However, as Defendants point out, this document was rejected and marked deficient by the Court because Plaintiff had not sought the Court's leave to file a supplemental memorandum. *See* R. Doc. 32; *see also* R. Doc. 36 at 4. Counsel never sought leave to refile the supplemental memorandum and the Court did not consider it in ruling on Plaintiff's motion for summary judgment. *See* R. Doc. 33. Plaintiff does not respond to this objection. As Defendants argue, preparation of this document was of "no service to Mr. Heath" because Counsel did not properly file it for the Court's consideration. R. Doc. 36 at 4. The 0.50 hours spent preparing it were thus not reasonably expended and will be omitted from the Court's calculation of the lodestar amount in this case.

Primarily, Defendants object to Plaintiff's request for an award of attorneys' fees at a rate of $550.00 per hour. *See* R. Docs. 36, 40. Plaintiff provided no support for this rate in his initial motion for attorneys' fees beyond providing a limited *curriculum vitae* for Counsel as an exhibit.

2

*See* R. Doc. 31-1 at 8–9. In his renewed Motion, Plaintiff attaches as support "the Mississippi Bar Economic Survey of 2022 reflecting hourly rates of attorneys who are licensed and practicing in the state of Mississippi" and Counsel's fee petitions in two cases settled through the Office of Workers Compensation Programs, one for $550.00 per hour and one for $500.00 per hour. R. Doc. 39 at 2, 5–89 (exhibits).

But "an appropriate hourly rate . . . is the market rate *in the community* for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (emphasis added). As Defendants argue, the hourly rates of attorneys practicing in Mississippi and in settlement approvals by the United States Department of Labor have no bearing on what is the "prevailing hourly rate in th[is] community for similar work." *Fender*, 12 F.3d at 487.

Defendants provided evidence that "[l]awyers in Louisiana typically charge between $151 and $360 per hour, with an average of $266" and that the Louisiana Division of Administration pays attorneys with over ten years of litigation experience $350.00 per hour for services provided to the state. R. Doc. 36 at 3. In the absence of any competing evidence from Plaintiff, the Court will rely on that submitted by Defendant. Because Counsel's *curriculum vitae* represents that he has over ten years of litigation experience, the Court holds that $350.00 per hour is the appropriate hourly rate for calculation of the lodestar.

Multiplying the 12.625 hours Counsel reasonably expended on this case by the reasonable hourly rate of $350.00 results in a lodestar amount of $4,418.75. Neither party makes any argument that the Court should adjust the lodestar amount either upward or downward based on the *Johnson* factors. *See Johnson*, 488 F.2d at 717–19. There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The Court thus finds that amount to be the appropriate award of reasonable attorneys' fees in this matter. Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, R. Doc. 39, is **GRANTED**, and that Defendants are hereby ordered to pay Plaintiff a total of **$4,818.75**, constituting $400.00 in expenses and $4,418.75 in reasonable attorneys' fees.

New Orleans, Louisiana, this 1st day of October, 2025.

_____
United States District Judge